UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EUGENE LUCAS,

        Plaintiff,

v.                                       Case No. 3:22-cv-858-BJD-PDB

J.N. OTTINGER, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Eugene Lucas, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.). He did not pay the filing fee or move to proceed as a pauper, but it appears he intended to file with his complaint such a motion. *See* Compl. at 5. He notes at the end of his complaint that he attached certain documents, including a motion to proceed as a pauper and an affidavit of indigency. *Id.* No such documents were received. Regardless, because he is a prisoner, the Court has an obligation to screen his complaint under the Prison Litigation Reform Act (PLRA), which requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the

Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

A district court may dismiss a prisoner's civil rights complaint as frivolous under § 1915A if it "appear[s] beyond doubt from the complaint itself that [the prisoner] can prove no set of facts" that his claims are timely. *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing *Leal v. Ga. Dep't of Corr.*,

2

254 F.3d 1276, 1280 (11th Cir. 2001). *See also Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations . . . warrants a dismissal [under the PLRA] as frivolous."). In Florida, a claim under § 1983 is governed by the state's residual personal injury limitations period, which is four years. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). Thus, a person filing a § 1983 action in Florida must do so within "four years of the allegedly unconstitutional or otherwise illegal act." *Id.* Under federal law, actions brought pursuant to § 1983 accrue, or begin to run, "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

Plaintiff alleges three officers with the Jacksonville Sheriff's Office unlawfully seized his truck on April 18, 2007, when he was arrested for suspected murder. *See* Compl. at 2. Accepting as true that officers unlawfully seized Plaintiff's truck, Plaintiff's claim is time-barred because the facts giving rise to the claim occurred more than fifteen years ago. Even if Plaintiff did not know on April 18, 2007, that officers had seized his truck—because he had been arrested and hospitalized for a gunshot wound—he learned of the alleged

unlawful seizure shortly thereafter. *See id.* at 3. Plaintiff alleges officers interviewed him on April 24, 2007, and told him they had seized his truck and wanted permission to search it. *Id.* at 2-3. A person with a reasonably prudent regard for his rights would have known of a potential claim at that time.[1]

Because it is clear from the face of the complaint that Plaintiff's claim arose more than four years before he initiated this action, his claim is time-barred and his complaint subject to dismissal. *See Hughes*, 350 F.3d at 1163. *See also Reynolds v. Murray*, 170 F. App'x 49, 50, 51 (11th Cir. 2006) (affirming *sua sponte* dismissal of the plaintiff's complaint for unlawful search and seizure because it was clear that the plaintiff's claim was time-barred); *Williams v. City of Tampa Police Dep't*, 216 F. App'x 915, 916 (11th Cir. 2007) (noting, "[a] person with a reasonably prudent regard for his rights [in the plaintiff's position] should have been aware his property had been forfeited after his federal conviction," meaning his constitutional claim accrued at that time).[2]

---

[1] Moreover, according to a filing Plaintiff submitted in this Court in July, when he first tried to initiate a civil rights action based on these facts, he certainly suspected by 2011 that officers had unlawfully seized his truck. *See* Case No. 3:22-cv-766-MMH-LLL, Docs. 2, 5 (asserting he filed, or thought he had filed, an action against the officers in 2011).

[2] Unpublished decisions are not binding. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1061 (11th Cir. 2022). Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of September 2022.

                                    BRIAN J. DAVIS
                             United States District Judge

Jax-6
c:    Eugene Lucas