UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EUGENE LUCAS,

        Plaintiff,

v.                                          Case No. 3:22-cv-858-BJD-PDB

J.N. OTTINGER, et al.,

        Defendants.
_____

**ORDER**

Plaintiff seeks reconsideration of the Court's order dismissing his complaint (Doc. 4; Pl. Mot.). Plaintiff contends his complaint should not have been dismissed as time-barred because he originally submitted the complaint to prison officials for mailing on January 12, 2011, as reflected by the prison stamp on the first page of his complaint (Doc. 1). According to Plaintiff, with the benefit of the mailbox rule, his complaint was timely filed on January 12, 2011. *See* Pl. Mot. at 3. He cites an unpublished Eleventh Circuit opinion for the proposition that a prisoner receives the benefit of the mailbox rule "even when the court never receives the filing." *See* Pl. Mot. at 6 (citing *Garvey v. United States*, 131 F. App'x 180, 181 (11th Cir. 2005)).

Plaintiff's reliance on *Garvey* and the Ninth Circuit opinion it cites, *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001), is misplaced under the

circumstances. Both *Garvey* and *Huizar* provide that a prisoner-petitioner is entitled to the benefit of the mailbox rule even if the court did not receive his habeas petition, but only "so long as he diligently follow[ed] up once he . . . failed to receive a disposition from the court after a reasonable period of time." *Huizar*, 273 F.3d at 1223-24 (holding the prisoner "was reasonably diligent" because he followed up with the court four times—the first time two months after initially mailing the petition).

Accepting as true that Plaintiff submitted a complaint for mailing on January 12, 2011, but that complaint did not make it to this Court, Plaintiff fails to demonstrate he was diligent in following up within a reasonable time. Indeed, Plaintiff himself contends he did not follow up on his 2011 filing for over a decade, on July 8, 2022. *See* Pl. Mot. at 4. Such a delay certainly cannot be described as "diligent."

Plaintiff identifies no grounds that would entitle him to be relieved from the order dismissing the action. *See* Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party . . . from a final judgment, order, or proceeding for [limited] reasons[, including] mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud." (internal numbering omitted)). Accordingly, his motion (Doc. 4) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October 2022.

                                                                BRIAN J. DAVIS
                                          United States District Judge

Jax-6
c:     Eugene Lucas